UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR LYONS, et al., | ) |
| Plaintiffs, | ) Case No. 2:17-cv-02262-JAD-NJK |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

Pursuant to 28 U.S.C. § 1915 Plaintiffs Victor Lyons and Roger Scott are proceeding in this action *pro se* and have requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket Nos. 1, 1-1. Plaintiffs also submitted a complaint. Docket No. 1-2.

**I.** *In Forma Pauperis* **Application**

Plaintiffs have submitted the affidavit required by § 1915(a). Docket Nos. 1 (Plaintiff Roger Scott)[1], 1-1 (Plaintiff Victor Lyons). The Court concludes that Plaintiffs have shown an inability to prepay fees and costs or give security for them. Accordingly, the requests to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket, with all medical records of both Plaintiffs in the exhibits to the complaint filed **UNDER SEAL**. The Court will now review Plaintiffs' complaint.

---

[1] Plaintiff submits his application to proceed *in forma pauperis* as a plaintiff under Rule 23(a). Docket No. 1 at 1. The Court denies the application under Rule 23(a); however, the Court grants *in forma pauperis* status to Plaintiff as an individual *pro se* plaintiff.

**II.     Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Fed.R.Civ.Pro. 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). Plaintiffs' complaint suffers from numerous deficiencies.

A.     <u>Federal Court Jurisdiction</u>

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is

presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. V. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). As Plaintiff is the party who invokes the court's jurisdiction, Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiffs fail to allege federal court jurisdiction, apart from bald statements about "federal questions." *See* Docket No. 1-2. Although Plaintiffs have named the United States as a defendant, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Its consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir.2010)(quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

Plaintiffs have failed to demonstrate that the United States has waived its sovereign immunity. The Court cannot determine, from the original complaint, whether the United States has waived sovereign immunity and consented to suit. Accordingly, Plaintiffs have not borne their burden of demonstrating that this Court has jurisdiction over the instant case.

B.     Class Action

Plaintiffs attempt to file their complaint as a class action, with Plaintiffs representing the class *pro se*. Docket No. 1-2. Plaintiffs cannot, however, proceed with a class action as *pro se* litigants. *See Langan v. United Services Auto. Assoc.*, 69 F. Supp. 3d 965, 988-89 (N.D. Cal. 2014), *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). Plaintiffs seek to avoid that fate by arguing that they are entitled to appointment of counsel under Rule 23 of the Federal Rules of Civil Procedure. *See, e.g.*, Docket No. 1-2 at 5. Plaintiffs misunderstand that rule, which provides that once the Court has determined that a case may proceed as a class action then it also orders that one of the attorneys already appearing in the case as a representative of a named plaintiff is appointed to also represent the entire class. *See, e.g.*, *Olmos v. Ryan*, 2012 WL 1580555, at *3 (D. Ariz. May 4, 2012). Rule 23 does not mandate appointment of counsel for *pro*

*se* litigants seeking to bring class actions. *See, e.g.*, *id.*[2] Hence, Plaintiffs are not entitled to appointment of counsel, and they cannot bring their case as a class action.

### C. Failure to State a Claim

Here, the Court understands the basic gist of Plaintiffs' grievance appears to be related to their service in different branches of the United States military beginning, respectively, in the 1950s and in the 1960s. *See* Docket No. 1-2. At the same time, however, the complaint fails to set forth any claim or how the allegations in the complaint support any claim against any defendant. *See id.* To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).[3]

Quite simply, the complaint fails to identify how the factual allegations made state a claim for any particular cause of action, and therefore fails to satisfy Rule 8. The Court will, however, allow Plaintiffs an opportunity to amend the complaint so that they can comply with Rule 8.

## III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. The requests by Plaintiffs Scott and Lyons to proceed *in forma pauperis* is **GRANTED**. Plaintiffs shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiffs are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

---

[2] Courts have discretion to appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances, however, are not present in this case. *See, e.g.*, *Masters v. Samuels*, 2015 WL 5446007, at *3-4 (C.D. Cal. Sept. 16, 2016) (the desire to bring a class action does not create "exceptional circumstances," and a *pro se* litigant's class-action allegations are subject to dismissal as being brought without counsel).

[3] Although the Court construes complaints drafted by *pro se* litigants liberally, they still must comply with the basic requirements of Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

3. The Complaint is **DISMISSED** with leave to amend. Plaintiffs will have until **November 13, 2017**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiffs choose to amend the complaint, Plaintiffs are informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: October 10, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge