UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

VICTOR LYONS, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. 2:17-cv-02262-JAD-NJK

ORDER AND REPORT AND RECOMMENDATION

(Docket Nos. 6, 7)

Plaintiff Roger Scott is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. On October 10, 2017, the Court granted Plaintiff's application, and screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915.[1] Docket No. 4. The Court dismissed Plaintiff's complaint with leave to amend. *Id.* The Court identified numerous deficiencies in Plaintiff's complaint, and provided him with an opportunity to cure those defects. *Id.* Pending before the Court is Plaintiff's amended complaint and motion for appointment of counsel. Docket Nos. 6, 7.

**I.  BACKGROUND**

Plaintiff submits a variety of grievances against multiple branches of the United States government, including the United States itself, related to his military service during the Vietnam

---

[1] Plaintiff filed his original complaint along with co-Plaintiff Victor Lyons. *See* Docket No. 1. Plaintiff has now informed the Court that Mr. Lyons is deceased. Docket No. 6 at 3, 15. Concurrent with this order, the Court is recommending Mr. Lyons' dismissal from this case.

War. *See generally* Docket No. 6. Specifically, the Court construes Plaintiff's allegations to stem from issues in obtaining medical treatment from the Department of Veterans Affairs ("VA") and his disagreement with the VA's denial of a disability rating for his alleged post-traumatic stress disorder ("PTSD"). *Id.* at 5-8.

## II.     ANALYSIS

### A.     <u>Federal Court Jurisdiction</u>

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). As Plaintiff is the party who invokes the court's jurisdiction, Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

#### *i.     Subject Matter Jurisdiction*

Plaintiff's amended complaint alleges violations of "'Service-Connected Disability' provisions of Title 38, USC, Veterans' Benefits..." Docket No. 6 at 8.[2] In essence, Plaintiff disagrees with the VA's Phoenix Regional Office's decision denying service-connection for his alleged PTSD. *Id.* Plaintiff alleges that the denial, in part, was a result of the VA's failure to provide him with copies of his military records. *Id.* at 38.

"The sole method of adjudicating disputes over the provision of veterans benefits is within the framework of the [Veterans Judicial Review Act ("VJRA")]." *Richardson v. Dep't of Veterans Affairs*, 2006 U.S. Dist. LEXIS 30595, at *7 (W.D. Wash. May 16, 2006) (citing *Hicks v. Small*, 842 F. Supp. 407, 410 (D. Nev. 1993). "[B]enefits-related claims may be heard only within the VJRA's 'three-tiered structure for benefits disputes.' (internal citation omitted) 'In order to exhaust administrative remedies within the VJRA, the plaintiff must file a complaint with the VA, and seek review of the claim, if denied, with the Board of Veterans Appeals, and then with the Court of

---

[2] *Pro se* pleadings must be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

Veterans Appeals.'" *Id.* (citing *Belton v. Wheat*, 1996 U.S. Dist. LEXIS 1001, at *15, n.6 (N.D. Cal. Jan. 22, 1996)).[3]

Plaintiff filed a claim with the VA on October 16, 2013, seeking, in part, to re-open his claim for a determination of service-connection for his alleged PTSD. Docket No. 6 at 55. As part of Plaintiff's claim, he included various medical records of treatments provided by the VA and Tuba City Regional Health. *Id.* On May 12, 2015, the VA's Phoenix Regional Office declined to re-open Plaintiff's claim regarding his alleged PTSD because Plaintiff did not submit the required new and material evidence and, based on the existing evidence submitted, "service connection for [PTSD] remain[ed] denied based on the absence of a verifiable military combat stressor." *Id.* at 57. Plaintiff fails to allege in his amended complaint that he has completely exhausted the administrative remedies avilable through the VJRA system as required.

Therefore, the Court does not have jurisdiction over Plaintiff's Veterans benefits-related claim. *Richardson*, 2006 U.S. Dist. LEXIS 30595 at *7;[4] *see cf. Curry v. Heid*, 2013 U.S. Dist. LEXIS 169491, at *8-11, 16 (E.D. Cal. Nov. 27, 2013) (dismissing without prejudice the plaintiff's claims related to his Veterans benefits for failure to exhaust administrative remedies available under the Federal Tort Claims Act); *Browder v. Nicholson*, 2006 U.S. App. Vet. Claims LEXIS 641, at *3-5 (Vet. App. June 29, 2006) (requiring the plaintiff to exhaust administrative remedies related to his claim for Veterans benefits before filing a petition for a writ of mandamus).

//
//
//
//

---

[3] As of August 23, 2017, the Veterans Appeals Improvement Modernization Act of 2017 modified the appeals process for Veterans' benefits claims. VETERANS APPEALS IMPROVEMENT AND MODERNIZATION ACT OF 2017, U.S. DEP'T OF VETERANS AFFAIRS, https://www.benefits.va.gov/benefits/appeals.asp (last visited Mar. 24, 2018).

[4] The Court in *Richardson* further found that, "[e]ven if Plaintiff had pursued all of his various appeals through the complete VJRA process, the court of last resort under that framework is the United States Court of Appeals for the Federal Circuit-not the district courts." 2006 U.S. Dist. LEXIS 30595, at *7 (citing *Hicks*, 842 F. Supp. at 410.

### ii. United States' Immunity

The Court addressed the prior complaint's deficiency in naming the United States as a defendant in its previous order. Docket No. 4 at 3. "The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Its consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir.2010)(quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

Plaintiff fails a second time to demonstrate that the United States has waived its sovereign immunity. Accordingly, Plaintiff has not borne his burden of demonstrating that this Court has jurisdiction over the instant case.

### B. Class Action

The Court previously addressed Plaintiff's attempt to file his complaint as a class action, with Plaintiff representing the class *pro se*. Docket No. 4 at 3-4. Nonetheless, Plaintiff's amended complaint again attempts to assert a class action. *See generally* Docket No. 6. Plaintiff cannot proceed with a class action as a *pro se* litigant. *See Langan v. United Services Auto. Assoc.*, 69 F. Supp. 3d 965, 988-89 (N.D. Cal. 2014); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). Plaintiff argues that he is entitled to appointment of counsel under Fed.R.Civ.P. 23(g). Docket No. 6 at 10; *see also* Docket No. 7 at 2-3, 10. Plaintiff misunderstands that rule, however, which provides that once the Court has determined that a case may proceed as a class action, it also orders that one of the attorneys already appearing in the case as a representative of a named plaintiff is appointed to represent the entire class. *See Lyons v. Bank of Am. Corp.*, 2016 U.S. Dist. LEXIS 184443, at *4-5 (D. Nev. Dec. 20, 2016); *see also Olmos v. Ryan*, 2012 U.S. Dist. LEXIS 63046, at *7-9 (D. Ariz. May 4, 2012). Fed.R.Civ.P. 23 does not mandate appointment of counsel for *pro se* litigants seeking to bring class actions. *See, e.g.*, *Olmos*, 2012 U.S. Dist. LEXIS 63046 at *7-9.[5] Hence, Plaintiff is not entitled to appointment of counsel, and he cannot bring his

---

[5] Courts have discretion to appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances,

- 4 -

case as a class action.

## III. CONCLUSION

Accordingly, the undersigned hereby **DENIES** Plaintiff's motion for appointment of counsel (Docket No. 7) and **RECOMMENDS** that the case be dismissed without prejudice.

Dated: April 3, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

however, are not present in this case. *See, e.g.*, *Masters v. Samuels*, 2015 WL 5446007, at *3-4 (C.D. Cal. Sept. 16, 2016) (the desire to bring a class action does not create "exceptional circumstances," and a *pro se* litigant's class-action allegations are subject to dismissal as being brought without counsel).

- 5 -